UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE NAJOR,

       Plaintiff,

v.

G. REYNOLDS SIMS, and G.
REYNOLDS SIMS & ASSOCIATES, P.C.,

       Defendants.

Case No. 2:10-cv-14307-RHC-MKM
Hon. Robert H. Cleland
Mag. Judge Mona K. Majzoub

---

| | |
|---|---|
| MARLA A. LINDERMAN (P55759)<br>Linderman Law P.C.<br>Attorneys for Plaintiff<br>4763 S. Old U.S. 23, Suite C-2<br>Brighton, Michigan 48114<br>(810) 220-0600<br>lindermanlaw@sbcglobal.com | RICHARD M. TUYN (P29091)<br>DEBRA A. COLBY (P60438)<br>Ogletree, Deakins, Nash, Smoak & Stewart, PLLC<br>Attorneys for Defendants<br>33 Bloomfield Hills Parkway, Suite 120<br>Bloomfield Hills, Michigan 48304<br>(248) 593-6400<br>richard.tuyn@ogletreedeakins.com<br>debra.colby@ogletreedeakins.com |

---

## **STIPULATED PROTECTIVE ORDER**

Plaintiff Rochelle Najor and Defendants G. Reynolds Sims and G. Reynolds Sims & Associates, P.C., by their respective counsel, stipulate and agree as follows:

1.    Each of the parties to this action upon whom or which a discovery request, including a subpoena duces tecum, has been or shall be served by any party to this action may designate as "confidential" any documents, hereafter produced, when such materials refer or relate to, or would otherwise disclose, information of a personal, proprietary or confidential business nature. No material shall be designated as "confidential" which has not been treated as confidential by the party making the designation.

2. Any materials designated by a party producing them as "confidential" shall be conspicuously marked with the following legend:

## "CONFIDENTIAL"

3. Material designated "confidential" shall be used by the party receiving the material solely for the prosecution or defense of this action.

4. Material designated as "confidential" shall be held in confidence by the party requesting the documents and his/her/its representatives; counsel for that party and professional, clerical, secretarial or other support personnel of such counsel; a person not an attorney retained by that party or counsel to assist in litigation such as accountants and experts, court reporters retained in connection with depositions in this litigation; case evaluators, facilitators, and/or mediators; and witnesses at deposition (collectively, the "receiving party"); none of whom shall permit disclosure of the documents, except for purposes necessary to this litigation, provided, however, that witnesses employed by a party which produces confidential material shall not by this order be precluded from testifying about such material in other litigation.  The receiving party shall neither grant nor permit any other person to have access to any material designated as "confidential," or inform any other person of the existence of such material or of any of the contents thereof without the prior approval in writing of the party producing such material, or an order of the Court upon written motion with notice to all parties.

5. The inadvertent failure of a party producing material to designate as "confidential" any document or other material referred to in Paragraph 1 shall not constitute, be construed as, or have the effect of, a waiver of confidentiality.

6. Nothing in this Order shall require production of information which the parties or any non-party contend is protected from disclosure by the attorney-client privilege or work

product immunity. In addition, the inadvertent disclosure or production by any party of any document protected by the attorney-client or other privilege or by the attorney work product doctrine shall not constitute, be construed as, or have the effect of a waiver of such privilege or protection. If a party discovers that it has been served with materials covered by, or potentially covered by, the attorney-client privilege, the party shall inform the producing party within fourteen (14) days of discovery of this inadvertent disclosure. If a party has inadvertently produced to the other party information subject to a claim of privilege or immunity, the other party upon request shall promptly return the information for which a claim of inadvertent production is made. The party returning such information may then move the Court for an order compelling production of such information, but said party shall not assert that inadvertent production constitutes a waiver.

7. If any material designated as "confidential" or the contents thereof is inadvertently disclosed to any person not authorized to have access thereto, the party responsible for the inadvertent disclosure shall notify in writing the party which produced the material. Such notice shall be sent no later than three (3) days after the inadvertent disclosure is discovered, and shall identify by name, address, telephone number, and employer, each unauthorized person or entity to whom disclosure was made, the date of such disclosure, and the surrounding circumstances.

8. Confidential material marked as an exhibit in a deposition or other discovery document remains confidential, and may not be disclosed by the receiving party except in accordance with this order.

9. If a party designates portions of a deposition taken in this case to be "confidential," then the transcript of that portion of the deposition may be used by the opposing

party only for purposes of this lawsuit and such transcript portion, and the information contained therein, shall be treated by the opposing party as confidential pursuant to this order.

10. Materials designated as "confidential" may be used at trial to the extent they are admissible. A receiving party intending to use material designated by the other party as "confidential" at trial shall notify the producing party of that intention prior to trial. Any concerns regarding the use of such materials at trial shall be raised by the party seeking protection prior to trial.

11. If a party believes that information designated by another party as "confidential" should not be treated as confidential pursuant to this Protective Order, that party may contest the "confidential" designation for such document(s) by providing opposing counsel with written notice as to the specific information being challenged, together with a copy of each document containing such information. In the event that parties cannot resolve the disagreement, the party asserting confidentiality may move for an order designating the information as "confidential." Any information that is subject to a dispute and/or motion as to whether it in fact contains confidential information shall, until further order of the court, be treated as confidential in accordance with the provisions of this Order.

12. At the conclusion of this action, including the exhaustion of all appeals, a party receiving any materials designated as "confidential" shall return the materials to the party which produced them, pursuant to the producing party's instruction.

13. The confidential material may also be disclosed to the Court as necessary, including but not limited to pleadings filed with the Court, exhibits filed with the Court, and at proceedings before the Court; in those events, however, the confidential materials may be subject to seal by the Court. When a party who has received confidential material desires to file or

introduce at any hearing or at trial of this matter information and/or documents marked as "Confidential," it shall provide the disclosing party with advance notice of its intention. The disclosing party will then advise whether the party seeking to use the information should file a motion to seal.

14. This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that methods other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (v) a memorandum of legal authority supporting the seal. *See* Local Rule 5.3. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

15. Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted to the judge to whom the case is assigned or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/EF. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant.

SO ORDERED:

                                                 S/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: May 2, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 2, 2011, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

STIPULATED AS TO FORM AND CONTENT:

| | |
|---|---|
| s/Marla A. Linderman (w/permission) | s/Debra A. Colby |
| MARLA A. LINDERMAN (P55759) | RICHARD M. TUYN (P29091) |
| Linderman Law P.C. | DEBRA A. COLBY (P60438) |
| Attorneys for Plaintiff | Ogletree, Deakins, Nash, Smoak & Stewart, PLLC |
| 4763 S. Old U.S. 23, Suite C-2 | Attorneys for Defendant |
| Brighton, Michigan 48114 | 33 Bloomfield Hills Parkway, Suite 120 |
| (810) 220-0600 | Bloomfield Hills, Michigan 48304 |
| lindermanlaw@sbcglobal.com | (248) 593-6400 |
| | richard.tuyn@ogletreedeakins.com |
| | debra.colby@ogletreedeakins.com |

10010346.1 (OGLETREE)

6