UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE NAJOR,

    Plaintiff,

v.                                        Case No. 10-14307

G. REYNOLDS SIMS and
G. REYNOLDS SIMS & ASSOCIATES, P.C.,

    Defendants.
                                             /

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT**

      Plaintiff has filed a motion to amend counts V and VI of the complaint to add similarly-situated employees in hopes of making this a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"). *See* 29 U.S.C. § 216(b). Defendants timely responded to the motion, and Plaintiff filed a reply, after the time for filing a reply had passed, at the court's invitation. The court need not hold a hearing on the matter. E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the motion will be denied.

**I. BACKGROUND**

      The complaint in this case was filed on October 26, 2010. Plaintiff alleges seventeen counts of illegal employment practices under the FLSA and state law. She alleges, for example, that Defendants failed to pay commissions that were owed to her, and also that Defendants did not properly calculate wages owed in accordance with the FLSA.

The court issued a scheduling order on March 29, 2011. The order requires, among other things, that

> [a]ny motion to add an allegedly indispensable party under Fed. R. Civ. P. 19 must be filed, or be deemed waived, not later than 6/13/2011. Any motion to amend the complaint, answer or defenses must be based on reasonable cause and, if based on newly discovered information, be made promptly after receipt of the information upon which the proposed amendment is based.

(3/29/11 Order ¶ 2 (emphasis removed).)

On May 27, 2011, Defendants served Plaintiff with an offer of judgment with respect to counts V-VIII pursuant to Federal Rule of Civil Procedure 68. Plaintiff did not respond to the offer, and on June 10, 2011, filed the pending motion.

## II. STANDARD

After certain time limits not relevant here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

2

### III. DISCUSSION

### A. Mootness

Defendants' response argues that counts V-VIII should be dismissed as moot because they served Plaintiff with a Rule 68 offer of judgment. A Rule 68 offer of judgment moots the case or controversy when it satisfies a plaintiff's claim in full, because the plaintiff has won. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009). In the Sixth Circuit, when such an offer is rejected and brought to the district court's attention, the court must dismiss the mooted counts and enter judgment in favor of the plaintiff for the amount offered.[1] *Id.* at 575. An offer can satisfy the plaintiff's claims for attorney fees and costs under the FLSA without specifying an amount if it offers to pay the reasonable fees and costs to be determined by the court. *Id.* at 575-76; *see* 29 U.S.C. § 216(b).

The motion pending before the court is Plaintiff's motion to amend, and not Defendants' motion to dismiss. Typically, where a response seeks a result that ordinarily would be the subject of a motion, the court would deem the combined response and motion inappropriate and would require a separate filing. *See* Practice Guidelines for Judge Robert H. Cleland, http://www.mied.uscourts.gov/Judges/guidelines/index.cfm?judgeID=12 (citing E.D. Mich. LR 7.1(b)). However, not only is the court permitted to inquire into its subject-matter jurisdiction sua sponte at any time, *e.g.*, *Superior Bank, FSB v. Boyd* (*In re Lewis*), 398 F.3d 735, 739 (6th Cir. 2005), it has an

---

[1] The court regrets an error in its July 20, 2011, order inviting Plaintiff to file a reply. The second sentence of the second paragraph should have read: "[T]he court is inclined to . . . enter judgment in favor of *Plaintiff* on those counts . . . ."

3

obligation to do so, *e.g.*, *CDI Info. Servs., Inc. v. Reno*, 278 F.3d 616, 618 (6th Cir. 2002). Accordingly, the court will not require Defendants to file an additional motion, although such a course would have been preferable.

Under *O'Brien*, an offer of judgment will only moot a case if it satisfies the Plaintiff's demand for relief in full. The offer of judgment issued by Defendants does not appear meet this requirement. There seem to be inconsistencies in the Defendants' calculations, and Plaintiff disputes the total number of overtime hours used by Defendants and asserts that the offer of judgment does not incorporate certain damages owed under some of the allegations in counts V and VI. (*See* Reply 1-9 & Exs. D, F.) Thus, there remains a live case or controversy, and counts V-VIII will not be dismissed as moot at this time.

### B. Timeliness

Plaintiff's motion will be denied nonetheless because she did not timely move to convert her action into a collective action. The case was filed in October. Plaintiff's motion was not filed until the following June, and no explanation was given for the delay. Plaintiff waited until half of the five months of discovery had passed before she moved to make this case a collective action. Defendants advise the court that Plaintiff was in possession of all of the documents necessary to move for certification as early as 2009—and therefore did not need discovery to make the liberal factual showing necessary for provisional certification under § 216(b). *See Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006) (citing *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595-96 (S.D. Ohio 2002)).

Plaintiff's reply contends that her motion was timely made, but her argument is less than clear.  She states that Defendants admitted that they violated the FLSA in a telephone conference, but that the admission was not "legally binding."  Plaintiff then says that she received some answers to her requests for admissions under the court's discovery order in May, she sought further clarification from Defendants, and that some delay in filing the motion was due to Plaintiff's illness.  (Reply 13.)

The relevance to the timing of the motion of Defendants' statements over the phone, their discovery responses, and Plaintiff's unavailability escapes the court.  Indeed, Plaintiff's reply appears to assume without explaining that the delay from the filing of the case until May was reasonable.  But the court thinks it undue.  Plaintiff worked for Defendants for years and knew about the other employees who worked with her.  She did not need an admission of liability, or of any other sort, by Defendants to move for certification.  Plaintiff needed only some facts that would support a finding that such potential similarly-situated plaintiffs existed.  Such a motion could have been made at the time of filing the case or soon thereafter with an affidavit from Plaintiff and the documents Defendants assert Plaintiff had in her possession.

The purpose of collective actions under the FLSA is judicial efficiency.  *See, e.g.*, *Alvarez v. City of Chicago*, 605 F.3d 445, 449-50 (7th Cir. 2010); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 918 (5th Cir. 2008); *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010).  Where the initial litigation is already well underway when a plaintiff moves to amend the complaint to make a single action a collective action, efficiency is not served.  Other would-be plaintiffs that worked for Defendants may file their own lawsuits if they so desire.  If any new case is substantially

5

similar to the old case, the matters may be reassigned as companions and consolidated as necessary. *See* Fed. R. Civ. P. 42(a); E.D. Mich. LR 83.11(b)(7); *cf. Murray v. Fid. Nat'l Fin., Inc.*, 594 F.3d 419, 422 (5th Cir. 2010) (holding motion to amend to add additional plaintiffs is not entitled to relate back to original complaint where original plaintiffs did not have standing to bring claim, reasoning in part that a separate case could be filed and consolidated under Rule 42). It simply would not be efficient, at the halfway mark of discovery, to convert this single-plaintiff case into a collective action, which will necessarily entail further delay. This reasoning is particularly forceful where, as here, Plaintiff has not identified any opt-in plaintiff who is ready to jump into the lawsuit, and therefore there is a distinct possibility that there will be no new cases.

The court can see no justification for the delay of more than seven months. Accordingly, the court finds the motion to amend to be untimely under Rule 15(a)(2) and the court's scheduling order.[2]

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's motion to amend the complaint [Dkt. # 16] is DENIED.

                                                 s/Robert H. Cleland  
                                                 ROBERT H. CLELAND  
                                                 UNITED STATES DISTRICT JUDGE

Dated: August 1, 2011

---

[2] The unnamed class plaintiffs are not indispensable parties under Rule 19 and the court's scheduling order. Notwithstanding Plaintiff's assertion to the contrary, the June 13, 2011, deadline to add such parties is irrelevant.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 1, 2011, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522